UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-36-R

UNITED STATES ENRICHMENT CORP.                                              PLAINTIFF

v.

SOUTHWEST ELECTRIC CO., INC.                                                DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's, United States Enrichment Corporation ("USEC"), Petition to Compel Arbitration (Docket #1). Defendant, Southwest Electric Company, Inc. ("SWE"), filed a response (Docket #8) to which USEC replied (Docket #16). SWE filed a sur-reply (Docket #17) and USEC filed a sur-response (Docket #22). This matter is now ripe for adjudication. For the reasons that follow, USEC's Petition to Compel Arbitration is GRANTED.

**BACKGROUND**

On March 10, 2004, USEC and SWE entered into a Service Agreement (the "Agreement"), under which SWE agreed to provide maintenance service of electrical breakers on-site at USEC's Gaseous Diffusion Plant located in Paducah, Kentucky. On November 23, 2004, during the performance of said repairs, a significant fire occurred. USEC maintains that the fire was the result of negligence of SWE employees who were working on the switchgear where the fire is thought to have originated. USEC sought to hold SWE liable for consequential damages allegedly resulting from the fire in excess of $1,000,000.

The Agreement contained the following Dispute Resolution provision:

20.  DISPUTE RESOLUTION

(a) <u>Mutual Agreement.</u>  Any controversy or claim (a "Dispute") between the Parties arising out of or relating to this Contract, or the breach, termination or validity hereof that is not resolved by mutual agreement shall be decided by the Buyer [USEC].  The Buyer shall, in writing, notify Contractor [SWE] of its final decision ("Final Decision") and designate such notice as the "Final Decision Notice."  In the event Contractor disagrees with the Buyer's Final Decision, Contractor shall notify the Buyer of its disagreement within thirty (30) days after receipt of the Final Decision Notice; otherwise, the Final Decision shall be final and no action shall lie against the Corporation arising out of said Dispute.

(b) <u>Dispute Subject to Arbitration.</u>  In the event Contractor notifies the Buyer of its disagreement with the Final Decision within the time period in Subparagraph (a) of this Paragraph, the Dispute shall be finally settled by <u>binding</u> arbitration in accordance with the CPR Non-Administered Arbitration Rules (the "Rules") as in effect on the effective date of this Contract, as modified by this Paragraph, and by a single arbitrator appointed in accordance with the Rules.  The arbitration shall be governed by the United States Arbitration Act, 9 U.S.C. § 1 <u>et seq.</u>, (the "Act") and shall be held at the Corporation's headquarters in Bethesda, Maryland or at one of the Corporation Facilities as determined by the Buyer.

Following the fire, USEC and SWE attempted to reach an agreement to repair the damages. An agreement could not be reached and on February 1, 2005, USEC transmitted a Final Decision Notice to SWE with a final proposal for completion of the repairs and simultaneously put SWE on notice that if a resolution could not be reached by March 3, 2005, USEC would seek to pursue relief under the Dispute Resolution provision of the Agreement.  On March 2, 2005, SWE transmitted a written reply to USEC's Final Decision Notice stating that it disagreed with the decision.

On March 31, 2006, SWE filed a Complaint for Declaratory Relief in the United States District Court for the Western District of Oklahoma.  The Complaint requested that the Oklahoma court determine that SWE is not liable to USEC for any consequential damages that resulted from the fire.[1]

---

[1] SWE's prayer for relief stated:

SWE requests judgment pursuant to 28 U.S.C. § 2201 declaring as follows:

USEC responded to SWE's declaratory judgment action by filing a motion to dismiss for lack of personal jurisdiction and improper venue. The Oklahoma court ruled that it had the authority to make the declaratory ruling restricted to an interpretation of the terms and conditions of the Agreement on August 11, 2006. USEC then filed an Answer to SWE's Complaint seeking declaratory relief. USEC also prepared its portion of the Joint Status Report and participated in the Joint Status Conference in which deadlines were set leading to trial, which was to occur on May 14, 2007. SWE served Interrogatories, Requests for Production of Documents, and Requests for Admission on USEC, and USEC answered the discovery requests.

---

(A) Pursuant to Paragraph 16 of the Agreement, SWE is not liable to Defendant for any consequential damages that resulted from the repair of the switchgear and subsequent fire that occurred at the Plant on or about November 23, 2004;

(B) That damage to switchgear, equipment, and other property of Defendant other than the specific piece of switchgear being worked on by SWE where the fire began are consequential damages.

(C) Pursuant to Paragraph 16 of the Agreement, if subsequently found to be liable to Defendant, SWE's liability is limited to the damages caused to the specific piece of switchgear where the fire began, which had been previously serviced by SWE, and that SWE is not liable for consequential damages;

(D) That Paragraph 10 of the Agreement does not trump, nullify, or limit Paragraph 16 of the Agreement in any manner; and

(E) That no provision of the Agreement trumps, nullifies, limits or changes Paragraph 16 of the Agreement limiting liability and excluding consequential, special, indirect, incidental, premature or exemplary loss, damage or expense related to the Agreement or non-performance of the work under the Agreement including lost profits or business opportunities.

SWE further requests that it be awarded its costs, expenses, and attorneys' fees incurred herein, as allowed by law, and such other relief to which it is justly entitled.

On December 12, 2006, USEC filed a motion to stay the declaratory judgment action with the Oklahoma court in order to file the instant petition. On February 6, 2007, the Oklahoma court granted USEC's motion to stay the Oklahoma litigation.

## STANDARD

Congress enacted the Federal Arbitration Act ("FAA") in 1925 in "response to hostility of American courts to the enforcement of arbitration agreements." *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001). The FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). This body of law requires that "questions of arbitrability . . . be addressed with a healthy regard for the federal policy favoring arbitration," and "any doubts concerning the scope of arbitrable issues . . . be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Though there remains "no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Scis., Inc. v. Bd. of Trs.*, 489 U.S. 468, 476 (1989). Section 2 of the FAA provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

## DISCUSSION

SWE argues that this Court should deny USEC's Petition because the subject matter of the

Oklahoma declaratory judgment action is not subject to binding arbitration, and, even if there is an arbitrable dispute, USEC waived its right to arbitrate by delaying over two years in seeking arbitration and substantially participating in the Oklahoma declaratory judgment action for approximately nine months to the prejudice of SWE.

**I.     ARBITRATION**

**A.     Termination**

SWE contends that the Agreement terminated in December of 2004 and that the agreement to arbitrate contained in the Dispute Resolution provision did not survive this termination. USEC argues that the entire Agreement remains in effect until the outstanding claims are resolved in arbitration. USEC states that even if the Agreement has terminated, the Dispute Resolution provision remains in effect.

"Arbitration is a matter of contract, and a party cannot be required to submit a dispute to arbitration unless it has agreed to do so." *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Pepsi-Cola Gen. Bottlers, Inc.*, 958 F.2d 1331, 1333 (6th Cir. 1992). "[T]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 105 (Ky. 2003) (quoting *First Commonwealth Bank v. West*, 55 S.W.3d 829, 835 (Ky. Ct. App. 2000)). If an ambiguity exists, "the court will gather, if possible, the intent of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written, by evaluating extrinsic evidence as to the parties' intentions." *Id.* at 106 (internal quotation omitted). However, "in the absence of ambiguity a written instrument will be enforced strictly according to its terms." *Id.* (quoting *O'Bryan v. Massey-*

*Ferguson, Inc.*, 413 S.W.2d 891, 893 (Ky. 1966)). The Court will "interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Id.*

The parties are in disagreement as to whether the Agreement has terminated. SWE asserts that it has not done any work at USEC's plant since December 2004. SWE argues that USEC cannot seriously claim that it intends for SWE to service the breakers at USEC's facility in the future under the Agreement, noting that USEC admits many of these breakers were destroyed in the fire. SWE further argues that the Agreement terminated under Paragraph 21 of the Agreement, as USEC alleges that SWE materially breached the Agreement. USEC admits that it does not expect SWE to service the damaged breakers under the Agreement, however, USEC asserts that this does not equal termination of the Agreement. USEC states that the Agreement includes a Statement of Work ("SOW"), which indicates that final acceptance will not occur until the successful return of the component to service and that the work to be performed by SWE was never accepted. USEC characterizes SWE's failure to perform as a breach, not a termination, of the Agreement.

The Termination provision in Paragraph 21 of the Agreement states:

[USEC] may terminate or suspend this Contract, in whole or in part; (i) at [USEC's] convenience, upon written notice to [SWE] or (ii) if [SWE] Defaults (as is defined in Subparagraph (b) of this Paragraph) and, where a right of cure is provided, fails to cure such Default within the applicable cure period, in one is provided, or if none is provided ten (10) days (unless extended in writing by [USEC]) after receiving notice from [USEC] specifying the Default.

This provision does not provide for automatic termination upon SWE's default, rather it provides USEC with the option to terminate. USEC avers that it did not terminate the Agreement and there is no evidence to indicate otherwise. The Court finds that the Agreement was not terminated.[2]

---

[2] The Court notes that there is no evidence that all of the breakers were destroyed in the fire. Thus the Court finds the defense of impossibility of performance inapplicable. *See Raisor*

6

**B.     Scope**

SWE argues that even if the Dispute Resolution provision is still in effect, the subject matter of the Oklahoma litigation is not subject to arbitration. SWE asserts that it is simply requesting the Oklahoma court to interpret the Agreement and determine the extent of any liability SWE has to USEC if SWE committed the act alleged by USEC. SWE maintains that this is a matter for the courts to decide, not a matter subject to arbitration. USEC asserts that because of the broad nature of the Dispute Resolution provision, all claims and controversies related to the performance of services under the Agreement must be arbitrated, including the subject matter of the Oklahoma litigation.

The Dispute Resolution provision encompasses "[a]ny controversy or claim (a "Dispute") between the Parties arising out of or relating to this Contract, or the breach, termination or validity hereof." This clause is substantial similar to the arbitration clause at issue in *Pennsylvania Data Entry, Inc. v. Nixdorf Computer Corp.*, 762 F. Supp. 96, 99 (E.D. Pa. 1990). The *Pennsylvania Data Entry* court found that "the language of this clause is identical to that recommended by the AAA to ensure arbitration of future disputes." *Id.* Courts have characterized this clause and clauses substantially similar to it as "broad" arbitration clauses. *Id.*; *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 398 (1967).

In *Pennsylvania Data Entry*, the plaintiff was asserting claims of declaratory judgment, restitution, fraud, negligent misrepresentation and tortious interference with contractual relations. 762 F. Supp. at 100. The court held all of these claims were subject to arbitration as all the claims arose from or related to the contract. *Id.*

---

*v. Jackson*, 225 S.W.2d 657, 659 (Ky. 1949).

Here the written terms contemplate the arbitration of all claims arising from or relating to the Agreement. This Court finds that the Dispute Resolution provision includes the arbitration of matters relating to the interpretation of the Agreement. Thus, the subject matter of the Oklahoma litigation is subject to arbitration.

## II.   WAIVER

SWE argues that even if the issues in the Oklahoma litigation are within the scope of the Dispute Resolution provision of the Agreement, USEC has waived its right to seek arbitration. SWE asserts that USEC has actively participated in the Oklahoma litigation for over nine months and that although USEC initially filed a motion to dismiss objecting to the Oklahoma court's personal jurisdiction and venue, it did not raise the issue of arbitrability of the dispute within the motion. SWE also indicates that USEC answered SWE's Complaint without moving to stay the action so arbitration could be compelled and that in addition to filing various motions and pleadings, USEC attended the Joint Status Conference and acquiesced to the setting of deadlines for the resolution of the case. SWE also states that it served discovery upon USEC and USEC responded to the discovery. SWE states that it has incurred significant expense and spent considerable time and effort in preparing for the Oklahoma action. USEC argues that SWE should not be allowed to use their tactic of filing in Oklahoma as a method to impose waiver.

"There is a strong presumption in favor of arbitration, and . . . waiver of the right to arbitration is not to be lightly inferred." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355-56 (6th Cir. 2003) (quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993)). "[A] party may waive the right by delaying its assertion to such an extent that the opposing party incurs actual prejudice." *Id.* at 356 (quoting *Gen. Star Nat'l Ins. Co. v. Administratia Asiqurarilor de Stat*, 289

F.3d 434, 438 (6th Cir. 2002)).

SWE cites to the case *O.J. Distributing, Inc. v. Hornell Brewing Co.* in support of its position. In *O.J. Distributing*, the plaintiff and the defendant entered into a distributing agreement which was later terminated by the defendant. *Id.* at 349. The court found that the defendant had waived its right to arbitrate as it had engaged in negotiations with the plaintiff for approximately fifteen months while at the same time denying the existence of the agreement, and therefore, the arbitration provision, to the prejudice of the plaintiff. *Id.* at 357. The court emphasized that although the defendant was aware of the agreement's existence and also the provisions of the arbitration provision one month into negotiations, the defendant did not maintain that the plaintiff's claims were subject to arbitration until fifteen months into negotiations and did not demand arbitration until seventeen months after the initiation of negotiations and following the plaintiff being granted a default judgment against the defendant. *Id.* at 358.

In the instant case, the parties were in the midst of negotiations and were contemplating voluntary mediation immediately prior to the filing of the Oklahoma case, as evidenced by the letter to USEC's counsel from SWE's counsel on October 28, 2005. Unlike *O.J. Distributing*, there is no evidence that USEC ever denied the existence of the Dispute Resolution provision. As early as February 1, 2005, USEC notified SWE that if its claim was not satisfied, USEC would pursue its remedies by triggering the Dispute Resolution provision of the Agreement. Although USEC filed a Motion to Dismiss on the basis of personal jurisdiction and improper venue, the filing of this form of motion does not waive a party's right to seek an order compelling arbitration. *See* Fed. R. Civ. P. 12(h).

SWE has failed to show that it has incurred actual prejudice as a result of USEC's failure to

compel arbitration at an earlier date. *See O.J. Distrib.*, 340 F.3d at 356. SWE was on notice as of February 1, 2005, that USEC intended to invoke the Dispute Resolution provision. Unlike *O.J. Distributing*, there has been no showing here of bad faith.[3] The Court finds that USEC did not waive the Dispute Resolution provision and, therefore, USEC is entitled to arbitration as provided under the Agreement.

## CONCLUSION

For the foregoing reasons, USEC's Petition to Compel Arbitration is GRANTED.

An appropriate order shall issue.

---

[3] The instant case is also distinguishable from *O.J. Distributing* in that the party claiming damages in the instant case is USEC, the party seeking to compel arbitration, while in *O.J. Distributing*, the party claiming damages asserted waiver of the arbitration provision. *O.J. Distrib.*, 340 F.3d at 357.